### COMMONWEALTH *vs.* JAMES BURK.

On trial in the superior court of a complaint made to a justice of the peace for an unlaw-ful sale of intoxicating liquor on the 27th of October, the person to whom the sale was alleged to have been made testified that the defendant made a sale to him in the month of September and at no other time; and the complainant, who had arrested the witness for drunkenness, under *St.* 1855, *c.* 215, § 23, testified that the witness on his arrest disclosed to him that the defendant had made a sale to him on the day named in the complaint, in pursuance of which disclosure the complaint was made; and it also ap-peared that the sale proved was the same testified of before the justice. *Held*, that the defendant could not except to the refusal of the presiding judge to instruct the jury that if the witness, on his arrest for drunkenness, disclosed that the sale was made at a different time from that to which he now testified, it might be taken into consideration as affecting his credit; or that he was so far an interested witness that it would not be safe to convict upon his uncorroborated testimony. *Held, also*, that if the complainant intended to complain of the sale actually made to the witness, and the defendant had been tried and convicted for the same sale before the justice, although by mistake as to the date of the sale it was alleged in the complaint to have been made at a different time, the jury might convict.

COMPLAINT to a justice of the peace on *St.* 1855, *c.* 215, § 15, for an unlawful sale of intoxicating liquor to Charles McCarty. The defendant was convicted before the justice and appealed to the superior court, and was there tried and convicted at Feb-ruary term 1860 in Middlesex, before *Brigham*, J., who signed a bill of exceptions stating the case as follows:

The complainant testified that he arrested McCarty for drunk-enness, and that upon being questioned, as provided in *St.* 1855, *c.* 215, § 23, he disclosed the name of the defendant as the person from whom he had bought the liquor, and that the date of the sale, as by him disclosed, was correctly stated in the complaint, which was made in pursuance of the requirements of that sec-tion. McCarty testified to a sale of liquor made to him by the defendant in the month of September, and to no other. It appeared that the sale proved at the trial was the same testified of before the justice. The defendant contended that this evi-dence did not support the complaint.

The defendant requested the court to instruct the jury, "that if the witness (being a disclosing witness) disclosed a sale to the officer, made at one time, and afterwards only testified

to another, made long prior, this was to be taken into consideration as a circumstance affecting his credit;" and also "that the only evidence of the sale being that of a disclosing witness under the statute, and if his testimony as to the time when he obtained the liquor was long previous, so that he was not corroborated by the circumstances at the time of his arrest, he was so far an interested witness that it would not be safe to convict upon his testimony." But the court declined so to advise the jury.

The district attorney contended that if McCarty, the disclosing witness, gave information to the officer of a sale of liquor made the day before his arrest, and the officer meant to complain of that, and it turned out upon the evidence that only one sale had been made a month before, then the complaint would be sustained. The defendant asked the court to instruct the jury, that, upon that state of facts, the complaint would not be sustained. But the court declined so to instruct the jury.

The court instructed the jury as follows: " If the complainant, at the time of making this complaint, had no particular act of sale in his mind, but only knew by information from McCarty that the defendant had sold intoxicating liquor in violation of law, and the defendant was tried and convicted in the court below of the sale testified of in this court; the defendant may be convicted in this court if the jury are satisfied beyond a reasonable doubt of the sales testified of by McCarty. If the complainant, when he made the complaint, intended to complain of sales other than those testified of by McCarty to-day, and did not have in his mind or intend to complain of such sales, he cannot be convicted upon this evidence. But if the complainant knew of the sale testified of by McCarty to-day, and intended to complain of such sale, but by mistake of the date of such sale, complained of it as having been made on the 28th of October, when in fact it was made in the month of September previous, the defendant may be convicted upon the evidence of McCarty, if the jury believe that evidence."

*N. St. J. Green,* for the defendant.

*S. H. Phillips,* (Attorney General,) for the Commonwealth.

HOAR, J. The exceptions taken to the refusal of the presiding judge to instruct the jury as to matters affecting the credit of the witness cannot prevail, because they related wholly to a question of fact, which is exclusively within the province of the jury. The extent to which comments upon the facts may properly be made by a judge at a trial, is a matter of sound judicial discretion, with which we cannot interfere, where no rule of law is violated.

The other exceptions relate to the identity of the offence proved with that charged in the complaint. It is very clear, upon principle and authority, that the transaction which is the subject of the complaint must be the same with that to which the evidence relates. It is equally clear that the time alleged as that of the commission of the offence need not be proved as laid. The complaint in the case before us charged the commission of the offence on the 28th of October; and the officer who made the complaint testified that it truly stated the time which was disclosed to him by the person to whom the liquor was sold. On the trial that person testified that the only sale made to him by the defendant was in the month of September. The defendant thereupon contended that he could not be convicted upon this evidence, because there was a variance between the proof and the allegation; that is, that the sale which was intended in the complaint was a different one from that to which the evidence referred.

The court submitted the whole matter to the jury, as a question of fact; with the instruction " that if the complainant, when he made the complaint, intended to complain of a sale other than that testified of by McCarty, and did not have in his mind or intend to complain of such sale, he could not be convicted upon this evidence." This was in accordance with the request of the defendant.

But it was obviously within the range of reasonable probability that the complainant had received information from McCarty, which induced him to complain of the sale actually made, and that either he had no special reference in his complaint to the precise time at which it was made, or that he

misunderstood the time, or that McCarty was mistaken in testifying to the sale as having been made in September, when it was made in October. In either of these cases, the question would be not as to the identity of the transaction, but of the time merely; and the presiding judge gave instructions to the jury which we think entirely correct, and adapted to the facts as the jury might find them to exist upon the evidence. The true legal distinction was stated, between a case where there was a charge of one offence, and proof of a distinct and different offence, on the one hand, which would require an acquittal; and a mere discrepancy between the time named in the complaint, and the time fixed by the proof, on the other, which would not be a bar to a conviction; and the jury were left to decide the truth upon the evidence. *Exceptions overruled.*